John A. WEBER, Kathy C. Weber, Plaintiffs,

v.

DISTRICT OF COLUMBIA, Marion Barry, Maurice Turner, Lt. Jerome P. Radford, Defendants.

Civ. A. No. 87–1938.

United States District Court, District of Columbia.

June 23, 1989.

Joel B. Kleinman, Thomas W. Mack, Mary–Patrice Brown and Larry F. Eisenstat, Dickstein, Shapiro & Morin, Washington, D.C., for plaintiffs.

Richard S. Love, Carol J. Paskin and William Nooter, Office of Corp. Counsel, Washington, D.C., for defendants.

## MEMORANDUM AND ORDER

JACKSON, District Judge.

The plaintiffs charge, by this action, that the defendants, and each of them, engaged in, or officially condoned, a deliberate, protracted conspiracy of vengeance against a Metropolitan Police Department detective and his wife for certain complaints she made anonymously by letter to the Mayor. Her complaints were of what she believed to be official abuses of authority, favoritism, and misconduct within her husband's command in the Department, and they allegedly resulted in the withdrawal of advantages or perquisites enjoyed by some possibly undeserving officers. In retaliation those officers are alleged to have provoked a campaign of harassment and intimidation of the plaintiffs, the ultimate consequences of which, for them, the plaintiffs assert, were the husband's involuntary resignation from the police force and the dissolution of their marriage. They attribute both to the extreme emotional distress they suffered.

The charges are harsh. But they are, as might be expected, denied by each and every defendant. The case is now before the Court on defendant's motions for summary judgment on various legal grounds, because trial is imminent.

The claims are set forth in a three-count complaint, each count alleging a constitutional tort, presumably to assure federal jurisdiction. Jurisdiction is, however, also properly predicated upon the diversity of the parties' citizenship, and the allegations, if proved, are actionable as a common law tort irrespective of any constitutional implications.

Thus, it does not truly matter if the plaintiffs' "speech," *i.e.*, the wife's letter of complaint (or any other interest the plaintiffs seek to vindicate), is constitutionally protected. Nor does it matter if there is a governmental interest paramount to any such interest, or if anything done to plaintiffs was done "under color of law." Nothing the plaintiffs might have said to the Mayor could justify the persecution plaintiffs say they endured. The substantive law of the District of Columbia protects all citizens against intentional concerted harassment of such nature, whether or not the Constitution does so as well. There is no legitimate governmental interest—the morale and discipline of the police department included—that is served by a vindic-

tive campaign to inflict emotional torment on anyone. No law, state or federal, purports to authorize or sanction it, or to confer immunity for it. And no defendant here actually pretends that it does, at least not overtly.

It appears to the Court, therefore, that the legal issues raised by defendants, and joined by plaintiffs, are illusory insofar as they are advanced as bases for or obstacles to summary judgment before trial. The plaintiffs may have misconceived the nature of their action, but defendants may also have mistaken the nature of their defense. The truly dispositive issues in this case are all issues of fact: the true conduct of each defendant; their respective degrees of complicity in whatever was done, or not done, by any of them; the capacities in which they acted; the effect of events on plaintiffs; and the extent to which those events contributed, if at all, to such compensable injury as plaintiffs may have sustained.

The motions of all defendants for summary dismissal in advance of trial will, for the present, be denied. The Court observes, however, that plaintiffs' problems of proof are formidable. It is entirely likely that plaintiffs will be unable to withstand a motion for a directed verdict at the close of this case as to one or more of the defendants, and the insufficiency of their evidence as to such defendants should be apparent to them, and to their counsel, now that discovery has concluded and the case is ready for trial. Being cognizant of the various sanctions available to discourage the maintenance of (or persistence in) groundless litigation, plaintiffs and counsel should consider whether voluntary dismissals may be warranted as to some defendants.

It is, therefore, this 23rd day of June, 1989,

ORDERED, that the motions of all defendants for summary judgment are denied.